FILED
United States Court of Appeals
Tenth Circuit

February 3, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

GERRI FOUTS,

        Plaintiff - Appellant,

v.

EXPRESS RECOVERY SERVICES,
INC.,

        Defendant - Appellee.

No. 14-4046
(D.C. No. 2:13-CV-00061-DB)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **McKAY**, and **McHUGH**, Circuit Judges.

Gerri Fouts appeals from the district court's order granting defendant's motion

for summary judgment and denying her cross-motion for partial summary judgment

on her claims alleging violations of the Fair Debt Collections Practices Act

(FDCPA), 15 U.S.C. §§ 1692-1692p. Exercising jurisdiction pursuant to 28 U.S.C.

§ 1291, we affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.  Background

From 2011 through 2012, defendant Express Recovery Services ("Express")

was assigned to collect a number of unpaid medical accounts for services provided to

Douglas Fouts by the University of Utah.  Mr. Fouts is not a party to these

proceedings.  Ms. Fouts testified at her deposition that she has been divorced from

Mr. Fouts since 1995, but she shares a residence with him and assists him by paying

his bills with money that he puts into a Wal-Mart debit card account.  She further

testified that she told Express she was still married to Mr. Fouts because otherwise its

representatives would not deal with her.

Jordan Davis, a representative with Express, spoke with Ms. Fouts on the

phone on two occasions on January 26, 2012 regarding a $75 debt that Mr. Fouts

owed to the University of Utah.  Ms. Fouts paid the debt with the Wal-Mart debit

card at the conclusion of the second phone call.

In June 2013, Ms. Fouts filed a complaint alleging that Express took multiple

actions during the prior year in an attempt to collect a debt and that Express's

conduct violated the FDCPA.[1]  Both parties filed motions for summary judgment.

The district court heard oral argument on the motions and then entered an order

granting Express's motion and denying Ms. Fouts's motion.  In its order, the court

adopted the analysis set forth in Express's motion, finding that "no jury could

---

[1]     Express also had phone conversations with Ms. Fouts on April 3, and June 1,
2012.  Those phone calls are not relevant to the issues on appeal.

reasonably conclude that the behavior of the defendant was abusive, false or misleading, or otherwise in violation of the law." Aplt. App. at 197. This appeal followed.

## II. Discussion

"We review the district court's grant of summary judgment de novo, applying the same legal standards as the district court." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Ms. Fouts asserts that the district court erred in granting summary judgment in favor of Express on her claims that Express's conduct violated 15 U.S.C. §§ 1692e(2)(A), 1692e(5), and 1692g(b). Ms. Fouts also challenges whether Express established all of the elements of the "bona fide error" affirmative defense. Aplt. Br. at 23. Express argued this affirmative defense as an alternative basis for granting summary judgment in its favor. The district court found, however, that no reasonable jury could conclude that Express violated the FDCPA. Under these circumstances, we need not address Express's alternative argument regarding its entitlement to an affirmative defense.

### A.

We first address the claims that are not properly before us in this appeal due to being withdrawn, waived or forfeited. In paragraph 9 of her amended complaint,

Ms. Fouts alleged that Express violated § 1692e(2)(A) by attempting to collect a debt from her that belonged solely to her ex-husband. But in her response to Express's motion for summary judgment, Ms. Fouts withdrew that claim, explaining that she "believes she is divorced from Mr. Fouts, but cannot locate the divorce paperwork and cannot prove that she was divorced." Aplt. App. at 160. This withdrawn claim is not before us in this appeal.

In paragraph 10 of her amended complaint, Ms. Fouts alleged that Express violated §§ 1692e(2)(A) and (5) when it "threatened to send the case to an attorney immediately that day at the end of a heated conversation, but Defendant did not do so." Aplt. App. at 8. In paragraph 11 of her amended complaint, Ms. Fouts alleged that Express violated 15 U.S.C. § 1692e(10) by "falsely stating that Plaintiff needs to work with Defendant because Defendant's attorney would not be willing to work with Plaintiff." Aplt. App. at 8. Express asserted in its motion for summary judgment that neither of these alleged statements appear in the transcripts of the phone calls between Ms. Fouts and Express. Ms. Fouts has not raised any argument with respect to these claims in her briefing on appeal; we therefore consider these issues waived. *See Wyoming v. Livingston*, 443 F.3d 1211, 1216-17 (10th Cir. 2006).

For the first time on appeal, Ms. Fouts asserts that Express violated § 1692e(2)(A) when Mr. Davis stated, in response to Ms. Fouts's insistence that she does not pay collection agencies, "Well, you're going to have to or else you'll be paying our attorneys." Aplt. Br. at 13 (internal quotation marks omitted). This

allegation does not appear in Ms. Fouts's amended complaint, *see* Aplt. App. at 6-9, her motion for summary judgment, *see id*. at 137-43, or her response to summary judgment, *see id*. at 152-65. If a theory is not raised before the district court, we usually hold it forfeited. *See Richison v. Ernest Grp., Inc*., 634 F.3d 1123, 1127-28 (10th Cir. 2011). We may review forfeited claims for plain error, but only when the appellant shows how the new legal theory satisfies that standard. *See id*. at 1130-31. Ms. Fouts does not attempt to do so in this case, which "marks the end of the road for an argument for reversal not first presented to the district court." *Id*. at 1131.

B.

We now turn to the claims that are properly before us. It is a violation of the FDCPA for a debt collector to falsely represent "the character, amount, or legal status of any debt," 15 U.S.C. § 1692e(2)(A), and to "threat[en] to take any action that cannot legally be taken or that is not intended to be taken," *id.* § 1692e(5). Although the debt at issue belonged to Mr. Fouts, "[u]nlike other sections of the act where relief is limited to 'consumers', under § 1692e a debt collection practice need not offend the alleged debtor before there is a violation of the provision," *Wright v. Fin. Serv. of Norwalk, Inc*., 22 F.3d 647, 649 (6th Cir. 1994) (en banc) (footnote omitted). The FDCPA also states that, "[e]xcept as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to *any person* is liable to such person . . . ." 15 U.S.C. § 1692k(a) (emphasis added). "Consequently, absent a limitation in the substantive provisions, the ordinary and

- 5 -

common understanding of § 1692k is that any aggrieved party may bring an action under § 1692e." *Wright*, 22 F.3d at 649-50.

Ms. Fouts first alleges that Express violated § 1692e(2)(A) and e(5) by threatening garnishment without having a judgment. The alleged garnishment threat took place during Jordan Davis's second phone call with Ms. Fouts on January 26, 2012. They were discussing Mr. Fouts's $75 debt and the following exchange occurred:

> JORDAN: . . . . Well, are you able to pay it today or would you need to wait a little bit?
>
> MS. FOUTS: No, we could pay it today, but I won't pay through any collection agencies. And hey, believe me, attorneys don't scare us. We've had people come after us and stuff. We have nothing that they can take.
>
> JORDAN: Okay.
>
> MS. FOUTS: They could come over here and take our trailer. There's no water. There's no hot water heater. There's nothing, so –
>
> JORDAN: Well, the way they do it here is they would just garnish his paycheck?
>
> MS. FOUTS: Ha, that won't help either because, believe me, what is it, not Mesquite, the Moccasin court has that.
>
> JORDAN: Okay. Well, I mean, I'm not trying to threaten you in any way. I'm just telling you how they go about it here.

Aplt. App. at 108.

We agree with Express that this exchange does not demonstrate that it misrepresented the legal status of the debt nor does it demonstrate that Express was

threatening garnishment without first obtaining a judgment. At the beginning of the exchange, Mr. Davis indicates that Ms. Fouts can pay the debt today or can have more time if she needs it. The context of the exchange is cordial and there is no threat that if Ms. Fouts does not pay the debt immediately, then Express will begin garnishment procedures against her or Mr. Fouts.

After Ms. Fouts starts to offer unsolicited commentary on how she doesn't pay collection agencies, she's not afraid of attorneys, and they can come and try to take her stuff because she doesn't have anything to take, Mr. Davis interrupts her to correct her misconception. He explains that Express's collection process does not involve repossessing property but instead involves garnishing wages. Even the "least sophisticated consumer," *see Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993), would understand that Mr. Davis was not threatening to garnish Mr. Fouts's wages at that time. Because Mr. Davis was generally explaining the process, he did not need to go through the details of Express's garnishment procedures, which would include obtaining a judgment beforehand, *see* Aplt. App. at 43 para. 20. He therefore did not misrepresent the legal status of the debt. The district court was correct to grant summary judgment in favor of Express on Ms. Fouts's FDCPA claims arising out of the alleged garnishment threat.

Ms. Fouts next alleges that Express violated §§ 1692e(2)(A) and (5) when Mr. Davis stated in his first phone call with Ms. Fouts that he would forward her account to an attorney at the end of the month. Ms. Fouts does not adequately

- 7 -

explain how this statement misrepresents the "character, amount or legal status of any debt," § 1692e(2)(A). Ms. Fouts does not present any evidence or legal citation to demonstrate that Express was not legally permitted to forward the account to an attorney at the end of the month. Ms. Fouts argues that this statement is false because Mr. Davis did not know whether Express's attorney would take the account. But Mr. Davis never represents whether the attorney will or will not take the case; he simply states that he will forward the account to an attorney. Ms. Fouts has not shown that this statement violates § 1692e(2)(A).

As for her § 1692e(5) argument, Ms. Fouts contends that Express falsely threatened to send the account to an attorney at the end of the month when it did not intend to do so. She argues that Express has a policy to wait thirty days before forwarding an account to an attorney and the thirty-day period would not have expired on that account as of the end of January. Express does have a general policy of not referring accounts to an attorney prior to the expiration of the thirty-day period, but it also has exceptions to that policy when it is attempting to collect multiple accounts, which was the case with Mr. Fouts and the University of Utah. *See* Aplt. App. at 42-44 (Declaration of Michelle Camp, Express's Corporate Representative); *id*. at 191-92 (Declaration of Jordan Davis). Express also allows individual collectors to make the decision on whether to transfer an account to an attorney. *See id*. at 149 (Deposition of Ms. Camp). Mr. Davis, the collector on the account at issue, stated in his phone call with Ms. Fouts that he would forward the

- 8 -

account at the end of the month if she did not make a payment, *see id*. at 100, and he testified in his declaration that it was his intent to do so, *see id*. at 191. Although Ms. Fouts argues that "[i]t is clear that Defendant never intended to refer any of the accounts to an attorney at the end of January," Aplt. Br. at 12, she has not come forward with evidence to refute the statements made by Mr. Davis and Ms. Camp to the contrary.

Finally, Ms. Fouts asserts that Mr. Davis's statement that he would forward the account to an attorney at the end of the month overshadowed her right to dispute the debt within the thirty-day dispute period in violation of § 1692g(b). The protections in § 1692g apply to "consumers" only, which Ms. Fouts acknowledged in her response to summary judgment, *see* Aplt. App. at 152 ("Plaintiff does have to be a consumer to bring a claim under 15 USC 1692g(b) because 1692g limits that section as applying only to consumers."). A "'consumer' means any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). Douglas Fouts is the consumer with respect to the $75 debt at issue because the account was for medical services provided to him by the University of Utah.

Express argues that the district court properly granted summary judgment on Ms. Fouts's § 1692g claim because she is not a consumer, the account was not her debt, and she does not have standing to argue overshadowing. We agree.

Although Ms. Fouts argues in her reply brief that Express is raising this argument for the first time on appeal, *see* Reply Br. at 1, that characterization is not

accurate as Express made this same argument in response to Ms. Fouts's motion for summary judgment, *see* Aplt. App. at 173-74, and in its reply in support of its motion for summary judgment, *see id*. at 186-87. Ms. Fouts had the opportunity to respond to this argument in her reply in support of her motion for summary judgment but did not do so. *See id*. at 193-95.

Ms. Fouts admitted in response to summary judgment that the medical account discussed in the two phone calls on January 26, 2012 was for Douglas Fouts from the University of Utah. She alleged in her complaint that she and Mr. Fouts were divorced in 1995, and she testified to the same in her deposition. She further admitted in response to Express's motion for summary judgment that she is the ex-wife of Douglas Fouts. Ms. Fouts is not a consumer under these circumstances because the debt is for services rendered to Douglas Fouts, she is not married to Mr. Fouts, and she is not obligated to pay the debt.

In her reply brief, Ms. Fouts attempts to argue that she is a "consumer" for the purposes of § 1692g because "it is not known whether Plaintiff was actually divorced from Douglas Fouts." Reply Br. at 1. Although she made this same assertion in her response to summary judgment on a different claim, she did not submit an affidavit testifying to this fact such that it could be considered in evidence for the purposes of summary judgment. *See* Fed. R. Civ. P. 56(c)(1), (e)(3).

She further asserts that Express alleged that she was obligated to pay the debt throughout her conversations with them. She contends that this "is all that is required

by 15 USC 1692a(3) to make [her] a 'consumer'," Reply Br. at 1, but she does not provide any legal authority to support her interpretation. Moreover, the only reason that Express was speaking to Ms. Fouts about Douglas Fouts's debt was because she lied to them and said she was still married to Mr. Fouts. She cannot misrepresent her marital status to induce Express to speak to her about Mr. Fouts's debt and then seek to bring claims under the FDCPA by asserting that she is a consumer because Express alleged that she was obligated to pay the debt.

## III. Conclusion

For the foregoing reasons, the judgment of the district court is affirmed.

Entered for the Court


Monroe G. McKay
Circuit Judge